HURST and others *v.* EVERETT and another.

*(Circuit Court, W. D. North Carolina. May Term, 1884.)*

1. FEDERAL COURTS—FORCE OF CONSTRUCTIONS OF STATE COURTS UPON POINTS OF LAW.
    The federal court, in obedience to the act of congress, conforms as far as possible, in common-law actions, to the forms and modes of practice of the courts of the state in which it may at the time be sitting, and to a certain extent adopts the construction given by the highest court of such state upon its constitution and statutes, and its laws regulating the rights of property.

2. PLEADING—PENDENCY OF FORMER ACTION—RULE UNDER NORTH CAROLINA CODE.
    Under the new Code in North Carolina the defense of *pendency of a former action* must be made available by demurrer if the facts relied on appear in the complaint. If they do not so appear, they must be presented by an answer which is in the nature of a plea in abatement.

3. SAME—STATE COURT—UNITED STATES COURT.
    The pendency of a suit in a state court does not generally prevent even the same suitor from seeking a remedy in a federal court.

Action at Law.

*Johnston & Shuford* and *J. H. Merrimon,* for plaintiffs.

*W. B. Ferguson* and *McLoud & Moore,* for defendants.

DICK, J. The defendants, in their answer, allege the facts that the plaintiffs, before the commencement of this action, had begun several actions for the same subject-matter before a justice of the peace of the state, which have been tried and been transferred by appeal to the state superior court, and are now pending for trial. Under the old system of pleading—derived from the common law—which formerly prevailed

in this state, the pendency of a former action was pleaded in abatement to a second action brought by the same parties in regard to the same subject-matter. Under our new Code system such a defense must be made available by demurrer, if the facts relied on appear in the complaint; if they do not so appear, they must be presented by an answer which is in the nature of a plea in abatement at the common law. *Harris* v. *Johnson,* 65 N. C. 478. The essential features of a plea in abatement must be observed by the pleader, and the defense be brought forward in due form and be insisted on *in limine* before a trial on the merits, or it will be considered by the court as waived. *Hawkins* v. *Hughes,* 87 N. C. 115. There are some other matters of fact stated in the answer which we will refer to in a subsequent part of this opinion. We will regard that part of the answer which insists upon the pendency of the former actions, as a defense to this action, as a plea in abatement. The demurrer of the plaintiffs admits the truth of the allegations of the plea, for the purpose of determining the legal questions involved.

This question has often been before the state and national courts, and given rise to some real and some apparent conflicts of decision. This long-vexed question has been settled by adjudications of the highest authority, and certain general principles have been announced which now cause uniformity in judicial opinion. I will briefly refer to some of these general principles without any extended citation of authorities, which are now familiar learning.

In the case of *Childs* v. *Martin,* 69 N. C. 126, the supreme court of this state announced the rule as well settled, and as consonant with reason, and necessary to prevent confusion and conflict of jurisdiction in the administration of justice, "that where there are courts of equal and concurrent jurisdiction, the court possesses the case in which the jurisdiction first attaches." This case was dismissed for the want of jurisdiction. Upon examining the authorities upon this subject it will be found that the rule so broadly stated only applies to courts of the same sovereignty. *Ins. Co.* v. *Brune,* 96 U. S. 588; *Sloan* v. *McDowell,* 75 N. C. 29.

The state and national courts were respectively created by separate and distinct sovereignties, and although their jurisdictions are often concurrent, they are in most respects independent, and they cannot generally interfere with the legal proceedings of each other by writ of injunction, or any other restraining, prohibitory, or mandatory writ. In order to secure harmony in the administration of justice, statutes have been passed by congress assimilating the forms and modes of practice, pleading, and procedure of the national courts in common-law actions to those of the courts of the states in which they are held, and requiring them, to a certain extent, to adopt the construction made by the highest courts of a state of the constitution and statutes, and the laws regulating the rights of property in a state. The exclusive and paramount jurisdiction of the national

courts have been clearly defined, and provisions have been made for the removal of certain classes of cases from the state courts to the federal courts, and also for reviewing by the supreme courts the final decisions of the highest courts of the states, where federal questions are involved, by writs of error and appeal.

The courts have also established certain rules, in exercising jurisdiction, founded in comity, wisdom, and experience, and deemed necessary to be strictly observed in order to prevent conflicts, and preserve kindly relations and harmonious action among courts administering justice within the same territorial limits. "In *Payne* v. *Hook*, 7 Wall. 425, it was decided that the jurisdiction of the circuit court of the United States, in a case for equitable relief, was not excluded, because by the laws of the state the matter was within the exclusive jurisdiction of its probate courts; but, as in all other cases of conflict between jurisdictions of independent and concurrent authority, that which has first acquired possession of the *res* which is the subject-matter of the litigation is entitled to administer it." *Ellis* v. *Davis*, 109 U. S. 498; S. C. 3 Sup. Ct. Rep. 327.

The principle last announced is sustained by many authorities, and is clearly and fully stated by Mr. Justice MILLER in *Buck* v. *Colbath*, 3 Wall. 341.

The same principle is also applied when a court of concurrent and independent jurisdiction has, by the nature of its proceedings, first acquired constructive possession or control of property which it must dispose of in affording complete relief. Its decree makes the purchaser's title of such property relate back to the commencement of the suit, and the force and effect of such decree cannot be rendered nugatory by proceedings in a court of another jurisdiction. *Stout* v. *Lye*, 103 U. S. 66.

This principle was applied by Judge SAWYER in a suit in the circuit court for partition of lands, as he regarded the prior proceeding in the state court as of the nature of a proceeding *in rem*, which gave the court constructive possession or control of the subject-matter in litigation. *Martin* v. *Baldwin*, 19 FED. REP. 340.

The pendency of a suit in a state court does not generally prevent even the same suitor from seeking a remedy in a federal court, but he can have only one satisfaction, and cannot interfere with property as long as it is under the control of the court of prior jurisdiction, or if it has been finally disposed of by such court in administering relief. As this rule applies in cases where the court of prior jurisdiction has possession or control of property in litigation, and may specifically dispose of the same, there is far less objection to its application in actions upon a *chose in action* where the rights of parties, when ascertained and made definite by judgment, are to be enforced by the ordinary process of execution.

The application of the rule which we are considering is broadly and definitely stated by the supreme court, and sustained by numer-

ous authorities, in *Stanton* v. *Embrey*, 93 U. S. 548. The operation of this rule is not prevented by the fact that the two actions are respectively pending in a state and national court held in the same district. The federal courts are required to conform their proceedings in civil actions at common law, "as near as may be," to the forms and modes of procedure of the courts of the states in which they are held, and observe certain decisions of the highest courts of such states, but in other respects they are as independent of such state courts as the federal courts of other districts. *Dwight* v. *Railroad Co.* 9 FED. REP. 785. A non-resident citizen of a state is not bound to seek relief in such state courts, but under the constitution and laws of the United States he has a right to have his case tried in the federal courts of such state, and such courts are bound to afford redress to the extent of their jurisdiction. "They cannot abdicate their authority or duty in any case in favor of another jurisdiction." *Hyde* v. *Stone*, 20 How. 170.

The defendants in their answer state that the several actions brought by the plaintiffs before the justice of the peace have been tried upon the merits, and the plaintiffs have recovered judgments, which they have caused to be duly docketed in the superior court of the state, and thereby have obtained a lien upon the real property of the defendants, and that execution has been stayed by the defendants filing the undertaking required by law for such purpose. The facts thus stated have not been averred with sufficient regularity and precision to amount to a plea in bar, and they appear to have been set forth merely as matter of inducement and explanation of their plea in abatement. These two pleas cannot be properly used at the same time in an answer. In pleadings in common law a *plea in bar* waives a *plea in abatement,* as there is an essential difference between the character and effects of the two species of plea. A plea in bar virtually admits that a cause of action once existed, but insists that the plaintiff cannot now and never can maintain his action for the cause alleged; a plea in abatement seeks to defeat the present proceeding, and does not show that the plaintiff is forever concluded, but it sets out a better form of action for the redress sought. We know of no reason why the rule referred to should not substantially apply to the Code system of pleading. *Woody* v. *Jordan*, 69 N. C. 189.

The supreme court, in *Stout* v. *Lye, supra,* announces a well-settled rule in pleading: "that where suits between the same parties, in relation to the same subject-matter, are pending at the same time in different courts of concurrent jurisdiction, a judgment on the merits in one may be used as a bar to further proceedings in the other."

I am inclined to the opinion that the judgments referred to in the answer, although rendered on the merits, cannot be used as a bar to further proceedings in this case, as they are not *final* judgments. I will briefly state my views upon this subject, as it was somewhat dis-

cussed in the argument, and I hope that the case will hereafter be tried upon pleadings which will present the merits claimed by the parties.

Under the old system of practice, which once prevailed in this state, an appeal from the judgment of a justice of the peace vacated the judgment, and the appellant was entitled to a trial *de novo* in the superior court. This practice has been changed in some respects by the Code of Civil Procedure. An appeal does not now vacate such a judgment, and the plaintiff, by docketing the same in the superior court, acquires the benefit of a lien on the real property of the defendant situated in the county where docketed. The appellant is entitled to a trial *de novo* in the appellate court, and may stay execution by filing the requisite undertaking. Both of the parties in this case have, in the cases in the state court, availed themselves of the provisions of the Code, and the question of law upon which I will intimate an opinion is whether such judgments can be pleaded in bar of the action in this court. The said judgments are not absolutely vacated, but they are suspended, and have no force or vitality except as a lien on the real property of the defendants. The issues between the parties are to be tried again in the state superior court, and new judgments are to be rendered upon the subject-matter of controversy, which may be decided in favor of defendants. The appeals are not in the nature of a writ of error, which leaves a judgment unaffected, and subject to modification or reversal in the inferior court, in conformity with the opinion of the court of errors, on questions of law; but in these cases the superior court will try the cases on their merits and render its own judgments. No controversy becomes *res adjudicata* and creates an estoppel to another action until it is definitely settled by a *final* judgment; and no judgment is final which does not terminate the litigation between the parties to the action. The appeals in these cases have reopened the controversy, and the judgments are not such as can be pleaded in bar to the case before us.

Let judgment be entered sustaining the demurrer to the plea in abatement, and directing the defendants to answer over, and pay the costs incident to this proceeding.