CASE 52—ACTION ON A NOTE—NOV. 16.

## Powell, &c., v. Flanary, &c.

APPEAL FROM CALDWELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

PLEADING—BILLS AND NOTES—ILLEGAL CONSIDERATION—AGREEMENT NOT TO PROSECUTE OFFENDER.

Held:  1. When the illegality of a note sued on is relied on as a defense, the answer must plead the facts which render it void, it not being sufficient to allege merely that "plaintiff accepted the note for an unlawful purpose, and it is therefore null and void."

2. A note executed for the purpose of making restitution of money misappropriated is not void in the absence of an express agreement by the payee not to prosecute the obligor for the crime.

Powell, &c., v. Flanary, &c.

3. Where the facts do not show whether such a misappropriation amounted to a breach of trust or a felony, the former will be presumed for the purpose of sustaining the validity of the note.

WILLIAM MARBLE, ATTORNEY FOR APPELLANTS.

### CLASSIFICATION AND AUTHORITIES.

1. Answer intending to plead illegality of contract, and duress, or either, should set up the *facts* relied on.
    Paragraph of answer, here, fails to do this.   Civil Code, sec. sustaining general demurrer to it.   Civil Code, sec. 114; also 95 sub. sec. 2; 1 Ency. Pl. & Pr., 835.

2. The rule that an agreement to stifle criminal prosecution is void does not render void a security given as amends for the civil wrong.   Bishop on Contracts (1·ed.), sec. 474; Clark on Contracts, p. 429; 2 Beach on Contracts, sec. 1549; Cass Co. Bk. v. Bricker, 34 Neb., 516; s. c., 33 Am. St. Rep., 648; Rock v. Matthews, 14 L. R. A., 508, 511.

3. To succeed on the ground of compounding a felony appellees must show:
    (a) That a crime was committed;
    (b) That there was an agreement not to prosecute.
    This they have not done.

4. Before a court will declare a contract void on the ground of compounding a felony, the unlawful agreement must clearly appear.   Vague and indefinite statements, inferences and surmises will not do.  School District v. Alderson, 6 Dak., 145; Swan v. Swan, 21 Fed. Rep., 209; Richmond v. Dubuque, &c., 26 Iowa, 202; Kellog v. Larkin, 3 Pinn. (Wis.), 123; s. c., 56 Am. Dec., 164.

5. Where the facts do not show whether the act complained of amounted to a breach of trust or felony the former will be presumed.   Barclay v. Breckinridge, 4 Met., 377.

6. Cases of Wheeler v. Wilson Mfg. Co. v. Hord, &c., 4 Ky. Law Rep., 240; Swan, &c., v. Chandler, &c., 8 B. M., 98; Gardner v. Maxey, 9 B. M., 90; Kimbrough v. Lane, 11 Bush, 556, discussed and distinguished from this case.

7. Duress is a personal defence and surety can not rely on duress to the principal.   6 Am. & Eng. Ency. Law, p. 90 and notes; Bacon's Abrig., title "Duress," A; Rolle's Abrig., 124; Hunscombe v. Standing Cro. Jac., 187; Jones v. Turner, 5 Litt., 147; Mantel v. Gibbs, 1 Brownlow, 62; Robinson v. Gould, 11 Cush. (Mass.), 55; Plummer v. People, 16 Ills., 358; McClintick v. Cummins, 3 McLean (U. S.), 158; Thompson v. Lockwood, 15 Johns. (N. Y.), 259; Spaulding v. Crawford, 27 Texas, 158; Simms v. Barefoot, 2 Hayes, 402.

8. In this case there was no duress.

9. In order to show duress the burden is on appellees to show:

   (a) That threats were made.

   (b) That these threats would overcome a mind of ordinary firmness.

   (c) That the threats were of unlawful imprisonment.

   1 Ky. Law Rep., 137; 6 Am. & Eng. Ency. Law, p. 64; 2 Beach on Contracts, sec. 1396 and note 3; Thorn v. Pinkham, 84 Me., 101; Bishop on Contracts, sec. 243; Knapp v. Hyde, 60 Barb., 80; Land v. Obert, 44 Texas, 539.

10. J. M. Flannery was guilty only of a breach of trust.  2 Bishop Crim. Law, sec. 823, sub. sec. 2; Sec. 1203 Ky. Stats., Barclay v. Breckinridge, 4374; Shelburn v. Com., 85 Ky., 173; 1 Roberson's Ky. Crim. Law, sec. 454.

BLUE & NUNN, ATTORNEYS FOR APPELLEES.

### QUESTIONS INVOLVED.

1. Answer to a suit upon a promissory note, averring that the note was executed without any consideration, and accepted for an unlawful purpose, without specifically setting forth the facts showing no consideration, and the unlawful purpose, presents issuable facts, and a reply must be made to it.  80 Ky. page 78.

2. A contract is illegal having for its consideration a promise to abandon a threatened prosecution for a public offense.  11 Bush., p. 558.

3. To invalidate such a contract, it is not necessary to allege or prove the guilt of the party implicated, or that the crime was actually committed.  It is sufficient if the parties at the time really believe the party implicated is guilty of a public offense, and he is threatened with a prosecution..  9 B. Mon., p. 90.

4. A surety on a note executed for an illegal consideration is entitled to avail himself of this defense.  20 Ky. Law Rep., 1201-44.

   The rule that a surety, signing a note conditionally, is liable to an innocent payee, although the conditions were broken, does not apply where the payee parted with no money or property on the faith of the surety's signature.  14 Bush, Hall v. Smith, 605.

### AUTHORITIES CITED.

Carroll's Code of Practice; 8 B. Mon. Swan v. Chandler, page 98; 9 B. Mon. Gardner v. Mayey, p. 90; 11 Bush, Kimbrough v. Lane, p. 558; 20 Ky. Law Rep., Owens v. Green, p. 44; 20 Ky.

Law Rep., Singer Mfg. Co. v. Ferrell, p. 1201; 14 Ky. Law Rep.,. Ky. Flour Co. v. Smith, pp. 237-297; 4 Ohio, p. 400, and 7 Ohio,. p. 70, case of Roll v. Raguet; 18 Ohio, p. 548, James v. Roberts; 31 L. R. A. (Ohio), p. 37, Ins. Co. v. Hull; Clark on Criminal Law, pp. 254-258-259; Robertson's Ky. Crim. Law, vol. 1, p.. 635; 5 Bush, p. 430, Johnson v. Com.; 14 Bush, p. 605, Hall v.. Smith; 80 Ky. p. 78, Evans v. Stone.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING:

Appellants employed J. M. Flanary to buy wheat for them in the year 1896, and gave him two blank checks on the first National Bank of Princeton, with the firm's signature attached thereto, to be used by him in paying for the wheat which he was expected to purchase, and which were ·to be returned to them if he failed to buy the wheat. J. M. Flanary filled up one of these checks to himself, and collected the money thereon, and appropriated it to his own use. Subsequently the note sued on was executed by J. M. Flanary, with S. Hodge and R. C. Flanary as his sureties, to appellants, in payment for the money he had so misappropriated. After the note became due, appellants. instituted suit thereon. J. M. Flanary was not served with a process, and never answered. Hodge was summoned, but failed to answer. R. C. Flanary, answering for himself alone, stated: (1) That the note sued on was executed without any consideration; (2) that plaintiff accepted same for an unlawful purpose, and it was, therefore, null and void; (3) that his signature to the note was procured by fraud and misrepresentation on the part of J. M. Flanary,. who was at the time acting as agent for plaintiff, in that the said J. M. Flanary, to induce him to sign the note, represented to him that certain other and solvent parties would sign said note as accommodation sureties, and that: the purpose of the note was to enable him to borrow the amounts of money named therein from appellants. He al-

leges that the statements made to him by J. M. Flanary were fraudulent and untrue, that the note was delivered to the plaintiff in settlement of an old claim, and without the signature of the other parties who were to sign same.

Appellants filed a general demurrer to the first and second paragraphs of appellee's answer, which was overruled; and a trial of the case by agreement before a judge of the court resulted in a judgment by him dismissing the petition. Accompanying the order of dismissal the circuit judge filed the following written statement as the basis of his judgment: "The court finds the following facts; That plaintiffs employed defendant, J. M. Flanary, to purchase for them wheat, and gave him two blank checks, signed by the plaintiff's firm, which he was authorized to fill out and pay for the wheat. One check he filled out, and paid for the wheat, and the other he made payable to himself, drew the money on it, and spent the same for his own purpose.

The defendant, J. M. Flanary, was insolvent at the time, and has remained so ever since. He first denied having used the check for $250 for himself, but, when confronted with the proof, he acknowledged it, and was told by plaintiffs and their attorney that he had in said transaction committed larceny, and was liable to be sent to the penitentiary; and, while no express promise was made that, if he paid the sum, he would not be prosecuted for it, yet from all that passed between plaintiffs and the defendant, J. M. Flanary, and S. Hodge, one of the defendants, had reason to believe and did believe that, if the note was given with security, J. M. Flanary would not be prosecuted; and it is a fact that he has not been prosecuted for said transaction.

Said note was executed a month or more after the misappropriation of the check. It is further a fact that J. M. Flanary obtained that signature of R. C. Flanary as surety by fraud, but the plaintiff had no notice of that fact before the acceptance of the note. I do not find that J. M. Flanary was agent of the plaintiffs in getting sureties on said note. At the time of the execution of the note plaintiffs were pushing J. M. Flanary for a settlement of said sum, and agreed to give him six months' time if he would secure it; and the consideration for said note was the $250 so misappropriated by J. M. Flanary. The court is doubtful as to whether J. M. Flanary committed a criminal offense in said transaction, but the parties honestly believed at the time that he had; and, in view of this, I am of the opinion that the parties to the note are not bound thereby." The motion for a new trial having been overruled, the judgment is brought to this court for review.

The first question presented for consideration is the action of the circuit judge in overruling the general demurrer to the second paragraph of appellees' answer, which is in these words: "And plaintiff accepted the same for an unlawful purpose, and said note is therefore null and void."

We are of the opinion that this paragraph of the answer does not sufficiently set out a ground of defense to the note sued on, and that the demurrer should have been sustained thereto. Section 95 of the Civil Code of Practice provides that an answer may contain: (1) A traverse; (2) a statement of facts which constitute an estoppel against or avoidance of a cause of action stated in the petition; (3) a statement of facts which constitute a set-off or counterclaim; (4) a cross petition. By requiring the defendants to state the facts relied on as a defense, the Code has abolished general issues; and, when the illegality of a contract sued

on is relied on as a defense, the answer must specify wherein it is illegal, and all of the facts going to render it void must be pleaded. See Enc. Pl. & Prac. p. 835.

It was impossible for the appellants to know from this paragraph what they were called upon to meet, or what the unlawful purpose consisted in. The case of Evans v. Stone, 80 Ky., 78, relied on by appellee to support their contention as to the sufficiency of this plea, holds "that an averment that the execution of the note was procured by fraud, misrepresentation, and covin was sufficiently specific without setting out the facts which constitute the fraud." The answer in that case directed the plaintiff to the specific facts and transaction relied on by the defendant to escape liability. The words "fraud," "misrepresentation," and "covin" have a distinct and well recognized meaning in law, and, when applied to a specific transaction leave no room to doubt the character of the defense relied on. This can not be said, however, of the words "unlawful purpose."

There are many unlawful purposes which would render a note either void or voidable. For instance, contracts for usury, and where the consideration was the sale of a public office, wager, or marriage brokerage, all of these would come under the general head of "unlawful purpose." We are of the opinion, therefore, that the second paragraph of the answer can be treated only as a legal conclusion, and not as the statement of a specific fact. This error alone was highly prejudicial to appellants. Besides, while it is a well-recognized rule of law that a person "can not make a trade of a felony," or convert a crime into a source of profit or benefit to himself, yet this rule of law does not prevent a person whose property has been stolen or misappropriated from seeking to recover same by compromises

or otherwise, if nothing is done to suppress the criminal prosecution to which the wrongdoer has laid himself liable. A mere intimation, or even a threat to prosecute, would not, in all cases, avoid a contract made by the defaulter for the purpose of making reparation to the person injured by his misdoing, if there is no agreement not to prosecute. See Clark, Cont., p. 429; 2 Beach, Cont., 1549; Lawson, Cont. 317; Swope v. Insurance Co., 93 Pa. St., 213; Plant v. Gunn, 2 Woods, 372, Fed. Cas. No. 11,205; Ford C. Cratty, 52 Ill., 313.

The court below, in its statement of facts, says that it is doubtful whether J. M. Flanary committed a criminal offense in filling up the blank check to himself, and finds that no express promise was made that, if he would pay said sum, he would not be prosecuted; that the consideration of the note was the $250, and was a valid claim due appellants. The authorities are uniform to the effect that courts ought not to refuse to enforce contracts on doubtful or uncertain grounds, and the burden is on the defendant to show that the enforcement would be in violation of the settled policy of the State, or injurious to the rights of the people. Vague surmises are not to be indulged in See Hurst v. Everett (C. C.) 21 Fed., 219; Richmond v. Railroad Co., 26 Iowa, 191; Kenan v. Holloway, 50 Am. Dec., 163.

The rule of law is equally well settled that where the facts do not show whether the act committed amounted to a breach of trust or felony, the former will be presumed. See Barclay v. Breckinridge, 4 Metc., 374.

In all of the cases referred to by counsel to show the illegality of the agreement, the facts sustaining it are distinctly set out in the answer, and the evidence conclusively establishes the agreement. In this respect there is a wide

difference between those cases and the case at bar. In our opinion, neither the testimony nor the facts found to exist by the circuit judge in the written statement filed by him authorized the judgment complained of.

For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.