## Forrest v. Winter, Jr.

(Decided October 10, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Instructions—Not To Be Given When Issue Not Raised by Pleadings.
—There being nothing in the pleadings or evidence presenting

such an issue, as that embodied in the instruction asked, it was properly refused. (For the facts presented on this appeal, see former opinion, 145 Ky., 518.)

GIFFOED & STEINDFELD and D. MOXLEY for appellant.

BRUCE & BULLITT, KEITH L. BULLITT and CLARENCE C. SMITH for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is the second appeal of this case. The opinion on the first appeal may be found in 145 Ky., 518, and most of the facts presented on this appeal are stated therein. One of the claims made by appellee in the record now before and which was not made on the former appeal, is that although Simpson did default before the execution of the bond signed by Forrest and others as sureties, that defalcation had been settled by Simpson's brother. Appellee's books were presented in evidence on the last trial and they showed that only a portion of the previous defalcation had been satisfied by Simpson's brother, and that a balance of $1,330 was due, and the testimony showed that it was agreed that upon the execution of the bond to indemnity Winter against any future embezzlement, Simpson would be permitted to retain his position with Winter in Memphis, provided he would permit a portion of his salary to be applied monthly to the reduction of the $1,330, and this he agreed to do. On the last trial the court instructed the jury as directed in the former opinion and the instructions are without fault.

Appellant asks the court to reverse the case because the court failed to instruct the jury, as asked by him, to the effect that if the $1,500 paid by him and his co-sureties, or any part of it, was for the purpose of covering any defalcation prior to the execution of the bond, to find for him the amount paid by him that was so used. There was nothing in the pleadings presenting such an issue. The petition and amendments filed by appellant presented the idea that he had been defrauded and that a part of the money embezzled by Simpson while the bond was in force was used by Simpson to pay on his previous defalcations. There was no allegation that the peculations of Simpson during the existence of the bond were less than $1,500 or that the $1,500 paid was to

cover any peculation which occurred previous to the date of the bond. There is no evidence that any part of the money embezzled by Simpson after the execution of the bond was used by him to reduce the amount of his previous shortage. The evidence showed that Simpson's previous shortage had been reduced by applying each month a part of his salary, to $786, and this amount was owing at the time the bond was paid and was left unpaid. In other words, the payment of the $1,500 did not satisfy all of Simpson's peculations made during the existence of the bond.

For these reasons, the judgment of the lower court is affirmed.