## Wood v. Rigg

(Decided February 14, 1913.)

Appeal from Robertson Circuit Court.

1. Wills—Reasons of Testator for Unequal Distribution—What Contestees May Show.—A testator having set out in his will the reasons which actuated him for making an unequal distribution of his property between his children, the contestees of the will may show that the facts so recited were true, it being always allowable to place the jury in the light of the circumstances of the testator when he made the will.

2. Instructions—Not duty of Court to Give Whole Law in Civil Case. —In a civil case it is not the duty of the court to give the whole law of the case and a party cannot complain that an additional instruction was not given, if he did not ask it on the trial.

3. Wills—Undue Influence—Jury Should Find Against any Clause if Obtained by—Instruction.—The jury may be instructed that they should find against any clause of the will if it was obtained by undue influence, but the failure to give such an instruction is not prejudicial where the attack is made on the will as a whole.

J. J. OSBORNE, and SAM THROCKMORTON, for appellant.

ROBT. BUCKLER, JNO. P. McCARTNEY, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.— Affirming.

Dennis C. Rigg died a resident of Robertson county in December, 1911. His will, which had been executed

on July 15, 1910, was, after his death, admitted to probate in the Robertson county court. He left three children surviving him, Joseph Rigg, Eldridge Rigg and Anna E. Wood. He owned at his death a farm of 185 acres of land and personal estate worth, say, $3,000, the land being worth about three times as much as the personalty. By the will he devised the land to his two sons, Joseph and Eldridge; he devised his personal estate to his three children equally. As the reason for this disposition of his estate, he said in his will the following:

"I have an equal affection for all my children, and only decline to will any part of my land to my daughter for the reason that I am obligated to my two sons for the land, they having worked hard with me in paying off my past indebtedness, and made it possible with their labor given to me for me now to own my land free of debt, and it is due them that I should make my will in this way, and same is made free from any suggestions from them, and free from influence of any kind exerted by them, or either of them, or any other person or persons."

Mrs. Wood appealed from the order of the county court probating the will. The case being heard in the circuit court before a jury, there was a verdict and judgment in favor of the will. She appeals.

It is unnecessary for us to set out in detail the evidence. The testator was a man of good sense and strong will naturally. He was seventy odd years old when the will was written and lived with his two sons on the land. His wife had died four or five years before. About ten years before he had had a stroke of apoplexy or sun stroke, and from this time on, suffered more or less with his head at times. But as long as he lived he transacted his own business, and the great weight of the evidence shows that he was regarded by those who knew him as fully competent to do business. There was sufficient evidence of incapacity and undue influence to take the case to the jury, but we cannot say that the verdict of the jury is against the weight of the evidence. Two grounds are especially relied on for reversal.

The court allowed the two sons to show that they had worked hard with their father in paying off his indebtedness and made it possible by their labor for him to own the land free of debt. They showed that the land was mortgaged and their father much involved when

they went to work on the farm, and the testimony for them showed practically the facts set out by the father in his will as his reason for making it. This evidence was competent. It is always allowable to prove the facts and circumstances surrounding the testator, because if the will is reasonable in the light of the testator's surroundings, this is a strong circumstance rebutting the exercise of undue influence. To illustrate, if Mrs. Wood could have shown that the reason given by her father for making the will as he did, did not exist, this would have furnished strong proof against the will. The will made a very unequal distribution of the estate, and it was competent for the devisees to show the reasons for this inequality.

The court at the conclusion of the evidence, gave the jury these instructions:

"1. The court instructs you to find the paper read in evidence to be the will of D. C. Rigg, unless you shall believe from the evidence that at the time of its execution the said Rigg was not of sound mind or that the execution of the paper was procured by undue influence, and if you so believe you should find said paper not to be the will of D. C. Rigg, deceased.

"2. A person is of sound mind in making a will, if at the time of its execution he has such mental capacity as to enable him to know the natural objects of his bounty, his obligations to them, the character and value of his estate, and to dispose of it according to a fixed purpose of his own.

"3. Undue influence as used in these instructions is such an influence as obtains dominion over the mind of the decedent to an extent that destroys free agency on his part in the disposal of his estate, and constrains him in respect thereto, to do that which he would not have done if left to the free exercise of his own judgment, and it is not material when this undue influence was exerted if it was present and operating on the mind of the decedent at the time the paper read in the evidence was executed.

"4. Nine or more of the jury may make a verdict, but if a less number than the whole jury agree on a verdict, those agreeing thereto must sign it."

The instructions were practically taken from the opinion of this court in Watson v. Watson, 137 Ky., 25, and have been often approved. It is complained, how-

ever, that the court should have told the jury that if any clause of the will was obtained by undue influence, they should find that this clause was not his will. Such an instruction is proper where there is evidence showing that certain parts of a will were obtained by undue influence and not others. But the instruction has no place in a case like this; for the only thing disposed of by the will differently from the law of descent is the land. The attack was made entirely on the devise of the land to the two sons, and no other instruction could have presented the real issue to the jury more clearly than those given. In addition to this the appellant did not ask such an instruction on the trial. In civil cases it is not the duty of the circuit judge to give the whole law of the case. If the parties desire additional instructions they should ask them.

Judgment affirmed.