## Chesapeake & Ohio Railway Company v. Dwyer's Administratrix.

(Decided February 25, 1914.)

### Appeal from Boyd Circuit Court.

1.  Employer's Liability Act—Measure of Damages in Recovery for Death.—In an action under the Federal statute, known as the Employer's Liability Act, it is improper for the trial court, in defining the measure of damages for the death of an employe, caused by the negligence or wrongful act of a railroad company, to instruct the jury that they should award the administrator of the decedent such a sum in damages as will fairly and reasonably compensate the estate of the decedent for the destruction of his power to earn money, although such instruction would conform to the measure of damages applicable to actions for death brought under Section 6, Kentucky Statutes.

2.  Employer's Liability Act—Damages—Instructions Defining.—The damages recoverable under the Employer's Liability Act are not such as will compensate the estate of the deceased employe for the destruction of his power to earn money, but such as will reasonably compensate the dependent beneficiaries named in the act, in the order named, for such pecuniary benefits as, the evidence may show, they had a reasonable expectation of receiving from the decedent, if his death had not been caused by the negligence of the defendant; and the damages allowed must be apportioned by the jury among the beneficiaries by stating in their verdict how much, if anything, they find for each of them, the damages altogether not to exceed the amount claimed in the petition.

3.  Appeal—Review—Estoppel.—Where the trial court attempts to instruct the jury upon an issue involved, it is its duty to state

the law correctly; and, if an instruction given does not correctly state the law, the error therein, if prejudicial to the substantial rights of the party complaining of it, and if such instruction was objected to by him when given, will, on appeal, authorize a reversal, although the latter may not have offered or asked an instruction in lieu of such erroneous one containing a correct statement of the law.

WORTHINGTON, COCHRAN & BROWNING for appellant.

DINKLE & PRICHARD and GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Richard Dwyer, who was a locomotive engineer in the employ of the appellant, Chesapeake & Ohio Railway Co., was killed May 12, 1910, at England Hill in Boyd County, Kentucky, by the derailment of a part of a train upon which he was at the time employed as such engineer. The train was a freight train, being operated by two engines, the second engine being the one of which the decedent had charge.

At the place of the accident the railroad track is located in a cut the banks of which arise in height several feet above that of a train. The accident was caused by a landslide from one side of the cut, which caused rocks and earth to be deposited upon the track in such quantities that when struck by the moving train the two engines and several cars thereof were derailed and the decedent, being thrown under the engine of which he was in charge, received injuries which shortly thereafter resulted in his death. This action was brought by the appellee, Sarah Dwyer, the widow of the decedent and administratrix of his estate, to recover of appellant damages for his death, the recovery being sought under the act of Congress known as the "Employers' Liability Act," approved April 22, 1908, as amended by the act of April 5, 1910; the petition averring the facts necessary to bring the action within the purview thereof. There were three grounds of negligence alleged, first, negligence of appellant's servants, other than the decedent, in charge of the train, in the manner of operating same; second, negligence of the appellant in failing to equip the engines with sufficient headlights; third, negligence of the appellant and its servants in failing to take the proper precautions to prevent the fall of debris upon the railroad track at the place of the accident. We gather from the

record, however, that the third ground of negligence mentioned was the only one relied upon for the recovery; and in support thereof evidence was introduced by appellee which strongly conduced to prove that the side of the cut from which the landslide came had, for some months prior to the accident, been in a more or less dangerous condition because of the presence of overhanging rocks and loose dirt, which gave notice to appellant of the danger to be apprehended from a landslide and of the necessity of taking such precautions as, by the use of ordinary care, could have been employed to prevent the same, and which, if employed, would have prevented the accident and consequent death of the decedent. On the other hand, in support of the denials of negligence contained in its answer, appellant introduced considerable evidence to the effect that the side of the cut gave no indication of danger or of the probability of a landslide; and further, that the accident could not have been anticipated or prevented by it.

The trial resulted in a verdict and judgment in appellee's favor for $14,000 damages. Appellant was refused a new trial, hence this appeal.

It is not contended by appellant's counsel that the verdict was not authorized by the evidence, but it is insisted by them that the judgment should be reversed because of error committed by the trial court in instructing the jury as to the measure of damages. The instruction on that subject is as follows: "The jury are instructed that if they should find for the plaintiff, then they will from the evidence find for her such a sum of money as they may find and believe from the evidence will fairly and reasonably compensate the estate of the decedent, Richard Dwyer, for the destruction of his power to earn money, caused by his death, not exceeding, however, the sum of $40,000, the amount claimed in the petition." Counsel concede that the instruction correctly states the measure of damages applicable to actions for death brought under section 6, Ky. Statutes, but contend that it is not applicable to actions brought under the Federal Statute, arguing that the damages recoverable under the latter statute are not such as will compensate the estate of the deceased employee for the destruction of his power to earn money, but such as will reasonably compensate his surviving dependent widow and children for the actual pecuniary loss result-

ing to them by reason of his death. We are constrained to sustain this contention; indeed, in effect, have heretofore done so in the case of I. C. R. R. Co. v. Doherty's Adm'r., 153 Ky., 363, in which a recovery was refused the administrator of an employee of the railroad company alleged to have been killed, while engaged in interstate commerce, by the negligence of its servants in operating one of its trains, because of the failure of the petition to allege, and of the evidence to show, that the deceased employee left surviving him a beneficiary or beneficiaries in whose behalf the recovery could be had. In the opinion we said:

"It is clear that the act does not like the Kentucky Statute applicable to similar cases, allow a recovery merely to compensate the estate of the decedent for his death and the consequent destruction of his power to earn money, but provides that only those naturally or actually dependent upon the decedent shall take the benefit of the recovery. It, therefore, expressly limits the right of recovery to cases in which only the person or persons sustaining pecuniary loss by the decedent's death are entitled to be compensated, viz; the beneficiaries named, in the order named. This being so, it necessarily follows that in an action under the act of Congress if there is no one for whom a recovery can be had, there can be no recovery. Proof must, therefore, be made of the existence of such surviving beneficiary or beneficiaries; and, if necessary to be proved as an element essential to a recovery, it is an issuable fact that must be alleged. So, if the petition in such an action fails to allege that the decedent is survived by a person or persons coming within the indicated limitation, it is bad on demurrer."

This question seems to have been authoritatively settled by several recent decisions of the Supreme Court of the United States, declaratory of the liability imposed by the act in question and the measure of recovery thereunder, and we will now consider some of these cases. In Mich. Cent. R. R. Co. v. Vreeland, 227 U. S., 59, (decided January 20, 1913), a recovery was sought under the Federal Statute for the widow of an employee who was killed by the railroad company while engaged in interstate commerce. In the opinion it is said:

"The obvious purpose of Congress was to save a right of action to certain relatives dependent upon an employe

wrongfully injured, for the loss and damage resulting to them financially by reason of the wrongful death. Thus, after declaring the liability of the employer to the injured servant, it adds; 'or in case of the death of such employe, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employe; and, if none, then of such employe's parents; and, if none, then of the next of kin dependent upon such employe, for such injury or death,' etc. * * *

"This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had, one proceeding upon altogether different principles. It is a liability for the loss and damage sustained by relatives dependent upon the decedent. It is therefore a liability for the pecuniary damage resulting to them, and for that only." * * *

"The statute, in giving an action for the benefit of certain members of the family of the decedent, is essentially identical with the first act which ever provided for a cause of action arising out of the death of a human being, that of 9 and 10 Vict. chap. 93, known as Lord Campbell's Act. This act has been, in its distinguishing features, re-enacted in many of the states, and both in the courts of the states and of England, has been construed not as operating as a continuance of any right of action which the injured person would have had but for his death, but as a new or independent cause of action for the purpose of compensating certain dependent members of the family for the deprivation pecuniarily resulting to them from his wrongful death." * * * "The word 'pecuniary' did not appear in Lord Campbell's act, nor does it appear in our act of 1908. But the former act and all those which follow it have been continuously interpreted as providing only for compensation for pecuniary loss or damage."

"A pecuniary loss or damage must be one which can be measured by some standard. It is a term employed judicially, not only to express the character of that loss to the beneficial plaintiffs, which is the foundation of their right of recovery, but also to discriminate between a material loss which is susceptible of a pecuniary valuation, and that inestimable loss of the society and companionship of the deceased relative upon which, in the

nature of things, it is not possible to set a pecuniary valuation. Patterson, Railway Acci. Law, Sec. 401.''

In the yet more recent case of G. C. & S. F. Ry. Co. v. McGinnis, 228 U. S., 173, which was an action for the death of an employe, caused by the negligence of the railroad company, brought under the Federal Statute in a state court of Texas by his widow, as administratrix, for her benefit and that of their four children, one of the latter being a married daughter residing with her husband; it was held both by the trial court and the Court of Civil Appeals, that the statute expressly authorized the suit to be brought by the personal representative for the benefit of the surviving wife and children of the deceased, irrespective of whether they were dependent upon him or had the right to expect any pecuniary assistance from him. In passing on this ruling the Supreme Court of the United States in the opinion delivered said:

''This construction of the character of the statutory liability imposed by the act of Congress was erroneous. In a series of cases lately decided by this court the act in this aspect has been construed as intended only to compensate the surviving relatives of such a deceased employee for the actual pecuniary loss resulting to the particular person or persons for whose benefit an action is given. The recovery must therefore be limited to compensating those relatives for whose benefit the administrator sues as are shown to have sustained some pecuniary loss. Michigan C. R. Co. v. Vreeland, 227 U. S., 59; American R. Co. v. Didricksen, 227 U. S., 145. In the last cited case, speaking of the employers' liability act, we said:

'' 'The cause of action which was created in behalf of the injured employe did not survive his death, nor pass to his representatives. But the act, in case of the death of such an employee from his injury, creates a new and distinct right of action for the benefit of the dependent relatives named in the statute. The damages recoverable are limited to such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employee. The damage is limited strictly to the financial loss thus sustained.'

''The statutory action of an administrator is not for the equal benefit of each of the surviving relatives for whose benefit the suit is brought. Though the judgment

may be for a gross amount, the interest of each beneficiary must be measured by his or her individaul pecuniary loss. That apportionment is for the jury to return. This will, of course, exclude any recovery in behalf of such as show no pecuniary loss.''

It is manifest from the authorities, supra, that the trial court in the instant case, did not, by the instruction quoted in the opinion, correctly advise the jury as to the measure of damages. The recovery should have been confined by the instruction on the measure of damages, in the event of a finding for the plaintiff, to such a sum in damages as would reasonably compensate the widow and children of the decedent for such pecuniary benefits as the evidence showed they had a reasonable expectation of receiving from the decedent, if his death had not been caused by the negligence of the defendant, if it was so caused; and after thus finding for the plaintiff a sum sufficient to compensate all the beneficiaries named, it should have been apportioned by the jury among the beneficiaries, stating in their verdict how much, if anything, they found for each of them; the damages altogether not to exceed the amount claimed in the petition. It is not apparent from the record before us, however, that the court could have intelligently instructed the jury at all on the measure of damages, for the petition only alleges that ''said decedent left surviving him, who were dependent upon him for their support and maintenance, a widow and children.'' It is nowhere stated in the petition how many children there were or the age of any of them; and the evidence, strange to say, is wholly silent on the subject of the children. We must take it for granted that there were children, because the averment in the petition to that effect is not denied by the appellant's answer. So, in view of the failure of the petition to state, and of the evidence to show, the number of children and also their dependence upon the decedent, while living, for maintenance, it would have been practically impossible under the circumstances for the court to have guided the jury by a proper instruction on the question of the damages to be awarded.

Our attention has been called by the brief of appellee's counsel to the case of L. & N. R. R. Co. v. Stewart's Adm'x., 156 Ky., 550, brought under the Federal Statute, an expression in the opinion of which apparently approves such an instruction on the measure of damages as

that complained of in the instant case. It is only neccessary to say that the inadvertent statement referred to, has been corrected in response to a petition for a rehearing filed in the case, and, that as modified by the response, the opinion does not conflict with the conclusion expressed in this case.

It is insisted for appellee that, as appellant did not on the trial offer a correct instruction on the measure of damages, it is estopped to ask a reversal of the judgment appealed from because of the giving of the incorrect instruction by the trial court on that subject. This contention must be overruled. It is true that an instruction on the measure of damages was not offered by appellant, but such failure did not relieve the trial court of the duty of correctly instructing the jury on that subject. Having attempted to give an instruction on that feature of the case, it was the duty of the court to state it in correct form. Its failure to do so was prejudicial to the rights of appellant, and, as it objected to the instruction as given, it is not estopped to insist upon a reversal of the judgment because of the error committed by the trial court in giving the instruction. L. & E. Ry. Co. v. Crawford, 155 Ky., 723; South Cov. & C. St. Ry. Co. v. Core, 29 R., 836.

Because of the error of the trial court in failing to properly instruct the jury on the measure of damages, the judgment is reversed and cause remanded for a new trial consistent with the opinion.