## Moore v. Damron.

(Decided March 11, 1914.)

### Appeal from Pike Circuit Court.

1. Instructions—How Predicated and Expressed.—Instructions should be predicated upon the issues made by the pleadings and the facts appertaining to such issues, furnished by competent evidence introduced on the trial; and in writing them brevity and clearness of expression should be used by the court, in order that their meaning may be readily understood by the jury. The refusal by the trial court of an instruction predicated upon an issue not made by the pleadings is not error.

2. Pleading—Amendment of Pleadings—When Not Permissible.— Section 134, Civil Code, gives the courts a broad discretion in the matter of allowing amendments to be filed, but this discretion should not be stretched to the extent of permitting the filing of an amended answer which is not tendered or offered to be filed, until after the evidence is closed, instructions given, the case argued and the jury have retired to their room for the purpose of arriving at a verdict.

3.   Contracts—Illegality of Contract Sued On—If Relied On as a
     Defense Must Be Pleaded.—In an action to recover upon a con-
     tract, if the defendant would rely upon the illegality of the con-
     tract, his answer must allege its illegality, specify wherein it is
     illegal and all the facts showing it void.

ROSCOE VANOVER for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant was sued by appellee in the court below for
the sum of $500.00, commission alleged to be due him on
the sale of 1,031 poplar, lynn, ash, cucumber, pine and
chestnut trees, situated on Elkhorn creek in Pike and
Letcher counties, Kentucky, to the Wright-Kitchen Lum-
ber Company, a corporation of Ashland, Kentucky, by
F. M. Mechlin, trustee of Pittsburg, Pennsylvania.  The
appellant, Alex Moore, acted as the agent of F. M. Mech-
lin in making the sale of the timber to the Wright-Kitchen
Lumber Company, and it was alleged in the petition that
the appellee, Albert Damron, was employed by the ap-
pellant to assist him in effecting the sale, in doing which,
he rendered valuable services for which appellant agreed
to pay him the sum of $500.00; that although appellant
had received from his principal, Mechlin, trustee, a com-
mission of five per cent amounting to more than $1,300.00
for making the sale of the timber in question, he refused
to pay appellee the $500.00 agreed upon between them as
compensation for his services and placed  the  amount
he had received from Mechlin to the credit  of  his
wife, Kissie Moore, in the Pikeville National  Bank,
with the fraudulent intent to cheat, hinder and defraud
his creditors, especially the appellee, in the collection
of the $500.00 due him.

The petition properly alleged grounds necessary to
obtain a general attachment against the property of ap-
pellant and such attachment was issued upon the filing
of the petition, a copy of which was executed upon the
Pikeville National Bank as garnishee.

Appellant filed an answer of two paragraphs, the first
containing a traverse.  In the second paragraph, it was
alleged that appellant had been employed by F. M. Mech-
lin, trustee, of Pittsburg, Pennsylvania, to sell all of the
soft-wood timber owned by the latter on Elkhorn creek
in Pike and Letcher counties, Kentucky, for effecting

which he agreed to pay him a commission of ten per cent,
and that, following his employment by F. M. Mechlin for
the purpose mentioned, he (appellant) agreed with the
appellee that if he would assist him in making a sale of
all the soft-wood timber mentioned, owned by Mechlin
on Elkhorn creek in Pike and Letcher counties, he would
pay appellee the sum of $500.00; but that the payment
of this sum was conditioned upon the consumation of the
sale of all the soft-wood timber owned by Mechlin. It was
further alleged in the answer that the sale as made did
not include all the soft-wood timber owned by Mechlin
on Elkhorn creek in Pike and Letcher counties, but only
poplar, lynn, ash, cucumber, pine and chestnut trees,
which deprived appellant of the ten per cent commis-
sion he would have received had all the soft-wood timber
been sold, and restricted his commission to five per cent
on the sale; and that by reason thereof appellee was not
under his agreement with appellant, entitled to receive
anything for the assistance rendered by him in effecting
the sale of the timber as made. The affirmative matter
of the answer was controverted by reply.

The trial resulted in a verdict in favor of appellee
for $500.00, the amount claimed in the petition; and the
judgment entered thereon also sustained the attachment.
Appellant moved for a new trial, which was refused, and
he has appealed.

Appellant makes no complaint of the instructions that
were given on the trial, but insists that the court erred
in refusing an instruction asked by him, and also erred
in refusing to allow to be filed an amended answer offered
by him. The refused instruction was as follows: "The
court instructs the jury that if they believe from the evi-
dence that in making said sale, that plaintiff was the
agent of the Wright-Kitchen Lumber Company, then in
that event they will find for defendant." This instruc-
tion was properly refused, because it was neither alleged
in the answer of appellant nor shown by the evidence,
that appellee was the agent of the Wright-Kitchen Lum-
ber Company. It is true that at one place in his testi-
mony appellee apparently admitted that he was or had
been the agent of the Wright-Kitchen Lumber Company,
but this statement was evidently inadvertently made and
was later explained by him on his re-examination; from
which it appears that he had, prior to the sale of the tim
ber to the Wright-Kitchen Lumber Company, been in its
employ, and that following the purchase by that concern

of the timber from Mechlin, he was again employed by it in hauling timber, but he positively stated that he was not the agent or in the employ of the Wright-Kitchen Lumber Company at the time of its purchase of the timber from Mechlin, and that he neither expected nor received from that company compensation for any service rendered by him in the matter of the sale to it of the timber. The truthfulness of these statements appears to have been fully sustained by all the circumstances attending the Wright-Kitchen Lumber Company's purchase of the timber. In view of this satisfactory explanation of his first statement and the circumstances attending the sale of the timber it is not difficult to understand why the jury accepted it. As said in L. & N. R. Co. v. Moore, 150 Ky., 692, instructions should be predicated upon the issues made by the pleadings and the facts appertaining to such issues furnished by competent evidence introduced on the trial, and in writing them brevity and clearness of expression should be used by the court in order that their meaning may be readily understood by the jury. The instruction offered by appellant and refused by the court, would have erroneously injected into the case an issue not made by the pleadings and unsupported by proof.

Appellant's contention that the refusal of the court to allow to be filed the amended answer offered by him was error, is equally without merit. The amended answer was not tendered or offered to be filed until after the evidence had all been introduced, the instructions given, the case argued and the jury had retired to their room for deliberation and to find a verdict. While section 134, Civil Code, gives a trial court broad discretion in the matter of allowing amendments to be filed, this discretion should not be stretched to the extent of permitting an amendment as attempted by the appellant in this case. It may not be an abuse of discretion for the trial court to permit an amended pleading to be filed even after a trial has commenced, or at any time before the case is submitted to the jury, if the ends of justice require it. The only limitation upon the discretion of the court in allowing amended pleadings is that they must be in furtherance of justice and must not change substantially the claim or defense; and with few exceptions the action of the trial court in permitting or rejecting amendments will be approved. Greer v. City of Covington, 83 Ky., 410; L. & N. R. Co. v. Pointer, 113 Ky., 952; Rogers

v. Rogers, 15 B. Mon., 64; C. & O. Ry. Co. v. Conley, 136 Ky., 601. The offer to file the amended answer in this case not only came too late, but no reason was presented for not earlier tendering it, nor would it have made the pleadings conform to the proof. Besides, it did not sufficiently aver the additional ground of defense attempted to be pleaded, viz.: the alleged illegality of the contract under which appellee was attempting to recover of appellant compensation for the services rendered by him for the latter in effecting the sale of the timber. If it was meant to charge that the contract as to his compensation made with appellant was illegal because appellee was the agent of the Wright-Kitchen Lumber Company in the sale of the timber, not only should such agency have been alleged, but in addition, the facts with respect to the illegality of the consideration entering into his contract with appellant for compensation for his services in making the sale, resulting from such agency, and that appellant was not a willing participant in the illegal transaction, should also have been alleged. This the amended answer did not do. "By requiring the defendants to state the facts re-litd on as a defense, the code has abolished general issues; and, when the illegality of a contract sued on is relied on as a defense, the answer must specify wherein it is illegal, and all the facts going to render it void must be pleaded." Powell, etc. v. Flanary, etc., 109 Ky., 342; Enc. Pl. and Prac., 385. To have allowed appellant's amended answer to be filed under the circumstances attending his offer to do so, would have been an abuse of discretion on the part of the trial court.

Consideration of the evidence in this case convinces us that it was amply sufficient to sustain the verdict of the jury. We think it reasonably shows that but for the assistance rendered him by appellee the appellant could not have succeeded in selling for his principal the timber purchased by the Wright-Kitchen Lumber Company. Those services and their value in bringing about the sale are shown, not only by the oral testimony introduced in appellee's behalf, but also by much of the correspondence appearing in the record, and, in large measure, by the admissions of the appellant. The same is true as to the evidence showing the contract between appellant and appellee, whereby the latter was to be paid $500.00 for the services rendered by him, and that this amount was to be paid him for his assistance in disposing of the timber that was sold, without regard to the failure of the parties

to include in the sale other soft-wood timber that appellant had expected or hoped to sell.

The record presenting no reason for disturbing the verdict, the judgment is affirmed.