## Happy Coal Company v. Smith.

(Decided May 28, 1929.)

JESSE MORGAN for appellant.

J. K. P. TURNER, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

One of the employees of the appellant was engaged in moving a large spool of wire up a steep hillside in Perry county on a sled when the wire, in some way not clearly explained by the evidence, slid from the sled and rolled down the hillside and into the home of Elijah Smith. At the time Mrs. Smith was engaged in preparing the evening meal and there was a fire in her cooking stove. The appellee, Ruby Smith, a little girl four years old, was in the room with her mother. When the heavy bale of wire rolled into the room it rolled upon Mrs. Smith and against the stove. It pressed the stove over towards a corner of the house, and Ruby Smith, the little girl, was hemmed in a corner of the room, and her body was burned and scalded by hot water from the stove.

At the trial evidence was introduced tending to establish her injuries as alleged and the manner of her receiving them, but the evidence went further and established other injuries not set out in the petition. The trial resulted in a verdict in favor of appellee for $500. The appellant for reversal relies on the admission of incompetent evidence. Any evidence relating to injuries not alleged in the petition was incompetent. Much of it was not objected to, and if the instructions had confined the recovery to the injuries alleged in the petition the evidence not objected to would not have availed appellant as a ground for reversal.

Another defense was that the injuries sustained by the appellee were the result of an unavoidable accident. This defense was not sustained by the evidence. The employee, performing the duties as directed by his superior, was attempting to get this bale of wire up the hill on a sled without its being so securely fastened that it could not get off of the sled. There were houses below him, and he knew that if the spool of wire should get loose from him and roll down the hill it was apt to injure some one. He had absolute control of it, and it escaped from him. This made a case for the jury. The facts show

an actual trespass for which a recovery may be had with or without negligence. Kentucky Traction & Terminal Co. v. Grimes, 175 Ky. 694, 194 S. W. 1048.

Another error alleged is that the instructions were erroneous. There is no measure of damage in the instructions given for the injuries sustained by appellee. The petition alleged that she was permanently injured and there was some evidence to sustain that allegation; but the instruction does not confine her recovery to the impairment of her power to earn money. Moreover, the instruction allows a recovery for any injuries which she may have sustained, or for any suffering as the result of such injuries, whether such injuries or suffering were made the basis of the recovery. She was entitled only to recover for the particular injuries and the particular physical and mental suffering alleged in the petition. The allegations in the petition are confined to injuries caused by the burns, but there was proof of injuries caused by the crushing of the breast of the child, and she could not recover for such an injury, as it was not made a basis for recovery in the petition. An instruction should never be given on an issue not presented by the pleadings. Forrest v. Winter, 149 Ky. 759, 149 S. W. 981. Instructions should be predicated on the issues made by the pleadings. Moore v. Damron, 157 Ky. 799, 164 S. W. 103.

It is suggested by counsel for appellee that appellant offered no instruction on the measure of damages, and therefore it cannot take advantage of any error in the instruction relating to the measure of damage. Where the court attempts to instruct the jury on a particular issue, it is only necessary that a party object to the instruction and except to the ruling of the court. Where the court attempts to give an instruction on an issue, it must be correct. It is true that, unless an instruction is requested in writing on a particular issue, it is not error for the court to fail to instruct the jury upon that issue. Branham's Adm'r v. Buckley, 158 Ky. 848, 166 S. W. 618 Ann. Cas. 1915D, 861. A party cannot complain of the failure of the court to give an instruction which was not asked. Wood v. Rigg, 152 Ky. 242, 153 S. W. 214. But it is always the duty of the trial court when he attempts to instruct the jury upon an issue involved to state the law correctly, and if an instruction given does not cor-

réctly state the law, the error therein, if prejudicial, will authorize a reversal, although the party relying on the error may not have offered or asked an instruction in lieu of the one containing the error. C. & O. Ry. Co. v. Dwyer's Adm'x, 157 Ky. 590, 163 S. W. 752.

On another trial the court will not allow evidence relating to injuries or suffering not in issue. He will correct his instructions so as to properly state the measure of damages.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.