THOMAS GUCKIAN vs. ROBERT NEWBOLD.

PROVIDENCE—NOVEMBER 23, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Bills and Notes. Partnership. Consideration.*

A promissory note was given by one copartner to another during the continuance of the partnership. It appeared that it was not given as a purchase of the interest of the payee, nor as a settlement upon a stated account, nor was it clear from the testimony for what it was given. It was indorsed after maturity to a third party who recovered a verdict against the maker:—

*Held,* that no adequate consideration was shown for the note upon which the verdict could be sustained.

(2) *Demand Notes. Maturity.*

A demand note, with interest payable annually, is overdue for purposes of negotiation upon the non-payment of the annual interest.

(3)  *Bills and Notes.  Partnership.*

*Semble*, on the trial the defendant requested the court to charge: (1) If the jury find that the note was a valid note and that it was given to the payee as collateral security for his share in the partnership, and if they find, also, that the partnership account has never been settled, the plaintiff (indorsee of the payee) cannot recover, and their verdict must be for the defendant.  (2) If the jury find that the note is valid and that it was given to the payee as representing his share in the partnership on the date of the note, and if they also find that the partnership affairs have never been settled, then the plaintiff (indorsee of the payee) cannot recover, and their verdict must be for the defendant :—

*Held*, that the first request was rightly refused for lack of testimony to show any such undertaking or from which it could be inferred; otherwise it should have been granted.

*Held*, further, that the second request was too broad, and rightly refused.

ASSUMPSIT on a promissory note.  The plaintiff alleged that the note was made by the defendant to the order of one Kerr, on demand, with interest payable annually at six per cent.  He further alleged that he bought the note from Kerr for value.  The defendant requested the court to charge: (1) If the jury find that the note was a valid note and that it was given to the payee as collateral security for his share in the partnership, and if they find also that the partnership account has never been settled, the plaintiff (indorsee of the payee) cannot recover, and their verdict must be for the defendant.  (2) If the jury find that the note is valid and that it was given to the payee as representing his share in the partnership on the date of the note, and if they also find that the partnership affairs have never been settled, then the plaintiff (indorsee of the payee) cannot recover, and their verdict must be for the defendant.  Heard on petition of defendant for a new trial.  New trial granted.

(1)    PER CURIAM.  The court is unable to see from the testimony any adequate consideration for the note in question. It was not given for a purchase of Kerr's interest in the saloon, for he and the defendant continued as partners for a long time after the date of the note.  It does not appear to have been given as a settlement upon a stated account, because Kerr says it was not the whole of what was due him,

and that the partnership accounts have never been settled, and that there were items of the account at that time which still remain. Kerr says it was for money which he put into the saloon, but that fact is not at all clear from the testimony. His conduct is inconsistent with such a claim, because he made no demand upon the defendant on the note while he held it, nearly a year and a half, although the defendant was amply able to pay, and received no interest on it, according to its tenor.

(2)   The non-payment of annual interest would clearly render the note overdue in the hands of the plaintiff, and therefore subject to the equities between the original parties.

(3)   The refusal to charge as requested about the note as collateral security for a balance due to Kerr when ascertained, was rightly refused for lack of testimony tending to show any such undertaking or from which it could be inferred. Otherwise such request should have been granted. The second request was too broad in its terms and was rightly refused.

The verdict is against the evidence, and a new trial is granted and the case will be remitted.

*John W. Hogan*, for plaintiff.

*Henry W. Hayes*, for defendant.