## Dexter v. Duncan, Guardian, et al.

(Decided October 31, 1924.)

### Appeal from Muhlenberg Circuit Court.

1. Compromise and Settlement—Compromise is Favored by Law.—Compromises are favored by law.

2. Compromise and Settlement—Compromise Must be Supported by Consideration—Adequacy of Consideration Not Inquired Into.—Contract of compromise must be supported by consideration, but adequacy cannot be inquired into if there is something of detriment to one party or benefit to other, however slight.

3. Compromise and Settlement—Settlement of Unliquidated, Disputed, or Doubtful Claim Sufficient Consideration.—Agreement of compromise is supported by sufficient consideration, where it is in settlement of claim which is unliquidated, or where claim is disputed or doubtful.

4. Compromise and Settlement—Compromise Agreement Concerning Right to Insurance Held Supported by Consideration.—Where action was about to be started concerning right to proceeds of insurance policies, held, that rights were in doubt, so that there was consideration for compromise agreement.

T. J. SPARKS for appellant.

BELCHER & BELCHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

In 1904 Riley M. Dexter took out a certificate of life insurance with the United Order of the Golden Cross, whereby that organization agreed to pay his wife, Nettie Dexter, as beneficiary, upon the death of the insured, the sum of $1,000.00, provided the conditions of the certificate were kept and performed by the insured. In 1905 he took out a certificate with the Modern Woodmen of America for a like sum, making his wife, Nettie Dexter, beneficiary. A few years later Nettie Dexter, beneficiary in both policies, died survived by the insured and two children, the latter appellees herein. In the course of two or three years Dexter remarried. Shortly before the institution of this action he died survived by his second wife, Annie Dexter, and appellees, Mary and Doxie Dexter, and two children by his last wife. This controversy arose between the widow, Annie Dexter, and the children by his first wife over the money arising from the two benefit certificates. Although Nettie Dexter, the insured's first wife, was named beneficiary in both

policies and died before insured, he failed to name another beneficiary, and at the time of the death of the insured the beneficiary in each policy was Nettie Dexter. The terms of the policies were somewhat uncertain, especially one of them was indefinite as to who should receive the money in case of the death of the beneficiary before the death of the insured. The guardian of the children of the first wife sought advice of attorneys as to the rights of his wards to the funds arising from the insurance of their father. He also called upon appellant, Annie Dexter, and talked to her about the rights of his wards to the money. According to the evidence of Mr. Duncan, guardian of appellees, the widow, Mrs. Annie Dexter, proposed a settlement without litigation of the contentions, she agreeing to collect both policies and when the money was received to retain $1,000.00 for herself and pay the balance, $1,000.00, to him as guardian for the two children. According to the evidence of appellee Duncan and his witnesses there was a good faith controversy between the widow and guardian as to who was entitled to the money under the terms of the policies; and while this dispute was alive and unsettled the appellant, Annie Dexter, proposed the compromise along the lines stated above, which proposition was accepted by appellee Duncan, for and on behalf of his wards; that this compromise was approved by his lawyers. He further testifies that in pursuance to the agreement appellant was allowed to collect both policies and when she had succeeded in doing so, he took his wards and went to call on appellant for the purpose of collecting the $1,000.00 due his wards; that when he went to the house appellant admitted she had agreed to pay over the amount received on one of the policies but she announced she had changed her mind, after consultation with some men down town, and that she would not carry out her agreement. Thereupon this suit was commenced.

When the cause was called for trial in the court below a jury trial was waived by the parties, and law and facts submitted to the court. A judgment was entered in favor of Duncan, as guardian of the two infants, against appellant, Annie Dexter, for the sum of $1,000.00, with cost. From that judgment this appeal is prosecuted.

Compromises are favored by the law. The law always looks with favor upon an agreement between two or more persons who, to avoid a lawsuit, amicably settle their differences on such terms as to them seem fair and

reasonable.   Of course, such a contract, as with others, must be supported by a consideration, but the adequacy of the consideration cannot be inquired into if there is something of detriment to one party or benefit to the other, however slight.   The rule is well settled that an agreement of compromise is supported by sufficient consideration where it is in settlement of a claim which is unliquidated, where it is in settlement of a claim which is disputed, or where it is in settlement of a claim which is doubtful.   12 C. J., page 322; Berry v. Berry, 183 Ky. 482; Posey v. Lambert-Grissom Hwrd. Co., 197 Ky. 374; Deshon v. Scott's Admr., 202 Ky. 575.

The rights of appellant to part if not all of the insurance money was in doubt at the time of the making of the compromise.   The children, through their guardian, were about to commence an action, as is shown by the record, to recover the money, or at least part of it.   Their rights were in doubt.   It was a good faith controversy, such as the law encourages parties to settle by compromise.   That is was a good faith controversy is abundantly shown by brief of appellant; which is devoted to an argument to establish that she was by the terms of the policies entitled to the money, but which brief manifests the realization of the writer of the questionableness of the claim of his client.   The suit was based upon the compromise agreement as well as the agency of the appellant to collect the policies for the enjoyment, use and benefit of herself and the children.   We think the evidence abundantly supports the finding of the trial judge that a compromise agreement was consummated between the guardian of the infants for their use and benefit, and the appellant Annie Dexter.

Judgment affirmed.