## People's State Bank of Frankfort v. McDermott.

### (Decided Nov. 3, 1933.)

T. B. McGREGOR and H. H. OWENS for appellant.

JAMES D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On March 20, 1925, S. J. Condon, and the appellee and defendant below, J. A. McDermott, as his surety, executed their joint promissory note to the appellant and plaintiff below, People's State Bank of Frankfort, Ky., whereby they agreed and promised to pay to it on or before July 1, 1925, the sum of $2,000. Eight hundred dollars had been paid thereon, leaving a balance due of $1,200 and interest, for which judgment was sought in this action filed in the Knox circuit court. The answer as amended before trial pleaded payment in this manner. McDermott at the time of the execution of the note was president of John S. Lusk & Co., a corporation engaged in constructing public highways under contracts with the state highway commission, while Condon was first vice president and general manager of that company. The latter was then engaged in carrying out one of its road construction contracts, but it had no surplus fund to defray its operating expenses from day to day.

To obtain the necessary cash it borrowed different amounts from time to time from plaintiff, and, by writing, pledged to it the vouchers that would be due it from the highway department at the end of each successive month, and which contract provided that it should apply to the then existing indebtedness of Lusk & Co., as well as to any future contracted ones.

At the time of the execution of the note sued on, Lusk & Co. was indebted to plaintiff, under the arrangements and terms referred to, in an aggregate sum of approximately $10,000. Certificates for the amount earned by Lusk & Co., for the month of July, 1925, and perhaps also for the month of August, were delivered to the auditor of the state highway commission, who, it appears, knew of such arrangement; but plaintiff was slightly dilatory in procuring warrants for that amount, and McDermott called on the bank and in person went to the auditor of the state highway commission and procured all warrants due to be issued in favor of Lusk & Co., and delivered them to the bank. Prior to that, and when the note was executed, the makers thereof directed its proceeds to be put to the credit of Lusk & Co., the corporation for whom they were working, and in which they were officers, and it was thoroughly understood that the indebtedness created by the note was in reality that of Lusk & Co., although there was and is nothing in the note to show that fact. In somewhat of a vague and unsatisfactory way defendant testified that when he delivered the warrants to plaintiff, after procuring them in the manner indicated, its cashier promised to first apply the proceeds to the extinguishment of the note sued on; but that instead of doing so they were applied to other and prior indebtedness created under the arrangement supra, and it is in this way that the alleged payment was made.

After the evidence was heard, defendant again amended his answer, and in it he alleged that Lusk & Co., in September, 1925, was forced into bankruptcy, and that with the consent of himself and Condon plaintiff was permitted, in the proof of its claim against the bankrupt, to include the note sued on, and that its cashier agreed at the time such consent was given to accept whatever per cent. the bankrupt's estate paid in full discharge of the note, and defendant relied on that alleged agreement as an additional defense. Both parties

moved for a peremptory instruction at the close of defendant's testimony (the burden having been properly adjudged to him), and the court sustained defendant's motion therefor and dismissed plaintiff's petition, to reverse which it prosecutes this appeal.

The $800 payment admitted in the petition is the amount which the pleader concluded was realized from the bankrupt estate, but which is not accurate, since a dividend of 62½ per cent. was paid. But, since the amount due on the note was not determined by the trial court, we will not undertake to do so in this opinion, leaving that task to be performed by the trial court upon a return of the case to it. It will be perceived that the matters relied on to sustain the plea of payment not only involves the diversion of corporate assets to the payment of individual obligations of its officers, but it is also in direct conflict with the prior arrangement made between plaintiff and Lusk & Co., whereby the pledged earnings of the latter were to be applied to all of its indebtedness to plaintiff. Moreover, the testimony given by defendant discloses no valid consideration for any such alleged agreement to pay the note in litigation in preference to applying the proceeds of the warrants from the highway commission to the corporate indebtedness theretofore created. McDermott, when he procured the warrants, did not do so for himself but for plaintiff, and he then occupied no position to require their proceeds to be applied to any other indebtedness than that of the corporation (to secure which they were already pledged), of which he was then president, and in the manner theretofore agreed upon by it.

Equally without merit is the defense relied on in the second amended answer, i. e., that plaintiff agreed to accept the dividend that the bankrupt estate of Lusk & Co. might pay to its creditors in full satisfaction of defendant's individual indebtedness. If the corporation possessed assets more than sufficient to extinguish its indebtedness, it was solvent and could not be thrown into bankruptcy. But on the other hand, if its assets were insufficient to pay its indebtedness, then the alleged agreement was tantamount to agreeing to accept in full discharge of the note sued on a sum less than the amount due, and which all courts hold does not extinguish the balance of the indebtedness, howsoever

solemnly it might be agreed to by the creditor. That rule is also bottomed upon the principle that there is no consideration for such an agreement.

Something is also said in defendant's testimony about himself and Condon agreeing not to object to plaintiff filing the note in litigation as a claim against Lusk & Co., but he nowhere points out any objection that could have been made by the makers of the note. If it had not been filed by plaintiff as a claim against the bankrupt estate, then defendant and his co-obligor on the note could have filed it in their names and received the same dividend. If it should be admitted that they did not do so because of the alleged agreement with plaintiff, then neither defendant nor Condon was damaged thereby. We, therefore, conclude that under no view of the case did the facts testified to by defendant constitute a valid defense, and the court erred in the ruling complained of.

Wherefor, the judgment is reversed, with directions to set aside and to grant a new trial, and for other proceedings consistent herewith.