## Kentucky Joint Stock Land Bank of Lexington v. Yates et al.

(Decided Nov. 12, 1935.)

ROBERT H. HAYS and NELSON D. RODES for appellant.

JAY W. HARLAN and HENRY JACKSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

On February 14, 1923, A. C. Yates and Almedia Yates, his wife, and Russell Yates and Marshall Yates, their sons, executed and delivered to the Kentucky Joint Stock Land Bank of Lexington a note for $16,000 of that date and bearing interest at the rate of 6 per cent. per annum, payable semiannually; both the principal and interest being payable on the amortization plan of 78 semiannual installments of $531.58 each and a final installment of $457.92; the first installment being payable on the 1st day of September, 1923. Simultaneously with the execution and delivery of the note, and in order to secure its payment, the makers thereof executed and delivered to the payee a mortgage on a tract of land in Boyle county. It was provided in the note and mort-

gage that if default be made in any of the payments provided for therein the entire indebtedness evidenced by the note, together with all interest on same, should at the option of the payee become due and payable without demand or notice, and it was further provided in the mortgage that the payee had a lien on the rents, issues, and profits of the property covered by the mortgage.

On September 14, 1933, the Kentucky Joint Stock Land Bank instituted this equitable action against the maker of the note, and after reciting the foregoing facts alleged that installments of $531.68 due on March 1, 1933, and September 1, 1933, had not been paid and that the makers were therefore in default, and in addition to those sums there was a balance due on the principal of the note of $14,518; that as authorized by the provisions of the note and because of default in payment of installments as above indicated, plaintiff had and was by the filing of its petition exercising its option of declaring the whole amount of the note due and payable. It was further alleged that the property could not be divided without materially impairing its value and the security of plaintiff's lien and that it was probably insufficient to discharge the mortgage debt; that under the provisions of the mortgage, plaintiff upon the institution of proceedings to foreclose was entitled to have a receiver appointed to take possession and control of the premises and to collect rents, profits, etc.

It prayed judgment for the sum of $531.68 with interest at the rate of 6 per cent. per annum from March 1, 1933, and for a like sum with interest at the rate of 6 per cent. from September 1, 1933, and the further sum of $14,518 with interest from September 1, 1933, and that it be adjudged a mortgage lien upon the property described in the mortgage and upon the rents, issues, and profits thereon and for a sale thereof to satisfy its mortgage lien and for the appointment of a receiver as authorized by the mortgage.

By an amended petition J. M. Trent was made party defendant and called upon to assert any claim or lien which he might have against the mortgaged property. On July 3, 1934, a second amended petition was filed in which it was alleged that in March, 1934, the defendant A. C. Yates died intestate, and making

all his heirs at law who were named in the pleading and who were not mentioned in the original petition parties to the action.

On September 18, 1934, Almedia Yates, Russell Yates, and Marshall Yates filed answer suggesting the death of A. C. Yates, alleging that he died on March 21, 1934, and that his interest in the land referred to in the petition passed to his widow and heirs at law; and that plaintiff was not entitled to judgment because no order of revivor had been made and because six months had not elapsed since the death of A. C. Yates.

Thereafter, plaintiff filed a third amended petition in which it alleged that by deed dated July 1, 1934, and which is of record in the office of the county court clerk of Boyle county, all the heirs at law of A. C. Yates conveyed to his widow, Almedia Yates, all right, title, and interest in the land described in the petition which they inherited from A. C. Yates, and that the defendants Almedia and Marshall Yates are now the sole owners in fee simple to the land covered by the mortgage; that A. C. Yates left no personal property or estate other than the land described in the petition; that the land was worth less than plaintiff's mortgage debt against same, and there was no equity therein for any other of his creditors; that no administrator had been appointed; and that no administrator or heirs at law of decedent except Almedia Yates, Russell Yates, and Marshall Yates were necessary parties to the action and that the petition as to all others should be dismissed.

On motion of plaintiff, a receiver was appointed to take charge of and sell the crops on the farm and to take charge of and operate the farm.

By amended answers, defendants alleged in substance that in December, 1933, plaintiff proposed to A. C. and Marshall Yates that if they would apply to the Federal Land Bank at Louisville, Ky., for a loan on their farm in an amount sufficient to net the sum of $10,000, plaintiff would accept such sum in full settlement of its indebtedness; that they accepted such proposal, and applied as agreed for a loan of $11,000; that the Federal Land Bank accepted the application and caused the land to be appraised, but in March, 1934, advised defendants that it would lend the sum of $9,000, with which to refinance the loan held by plaintiff; that

this sum was not satisfactory to plaintiff, and at its request and suggestion defendants requested the bank to reconsider the application and reappraise the land, which was done; that in September, 1934, the Federal Land Bank advised defendants that it would make a loan of $9,500, for the purpose indicated; that thereupon defendants notified plaintiff that they would supplement the net sum derived from the loan of $9,500 with such sum as might be necessary to pay plaintiff the net sum of $10,000 in satisfaction of its claim pursuant to its proposal, but that plaintiff declined this offer; that plaintiff contracted and agreed to accept $10,000 in satisfaction of its lien debt; and that defendants had made tender and offer to and were ready and willing to carry out such agreement and compromise settlement, which they pleaded in abatement of plaintiff's right to the relief sought in its petition. They prayed that plaintiff be required to carry out the alleged compromise and settlement.

By reply, plaintiff traversed the allegations of the amended answers. After evidence was heard orally, it was adjudged that defendants were entitled to the relief sought by their amended answers, the court finding that plaintiff made an offer of settlement and compromise of their indebtedness agreeing to accept the sum of $10,000 to be paid by refinancing the loan through the Federal Land Bank under its plan; that such offer of settlement and compromise was accepted by the defendants and thereby became binding; that defendants had complied with their agreement and were ready, willing, and able to carry out same and to pay plaintiff the sum of $10,000, in Federal Land Bank bonds and in money; and that by reason thereof plaintiff's right to foreclose its mortgage was adjudged to be abated; and it was further adjudged that plaintiff be required to specifically perform its agreement. Plaintiff is appealing.

The evidence for appellees to establish their alleged agreement with appellant is positive and of a persuasive character, although witnesses for appellant are equally positive in their statements that no such agreement was made; however, we may pass over that phase of the case, since for the purpose of disposing of this appeal, it is sufficient to say there is no controversy concerning the amount due appellant on its mortgage

note nor the legality of its asserted claim. Since the amount and legality of appellant's claim is admitted, it is our view that the only question to be determined is whether there was any consideration for the alleged compromise and settlement thereof.

While the law looks with favor on the amicable adjustment of disputed claims between men and will not lightly set aside agreements to compromise and settle such claims, it is a rule of universal application that such agreements, like all other contracts, must be supported by a consideration. In 5 R. C. L. p. 893, it is said:

> "There is a great difference between claims unliquidated and disputed, and those which are liquidated and undisputed, a compromise which is sufficient to bar an action on a claim within the first class often being quite insufficient to bar an action on a claim within the second class. Where a demand is liquidated, the payment of a less sum cannot satisfy it even though accepted as such, because there is no consideration for giving up the rest."

In the same work, page 891, it is said:

> "The law regards with favor, and seeks to uphold, settlements of pending or threatened litigation, but does not regard an attempt to discharge an admitted debt by payment of a part of it. It seems to be well settled by authority that a parol agreement by a creditor to accept from his debtor by way of compromise less than is due is nudum pactum and void, and although payment of the sum agreed upon by way of compromise is tendered, or actually received, it is no discharge of the original debt."

The rule thus enunciated in R. C. L. prevails in this and practically all other jurisdictions.

In Wells v. Thomas, 210 Ky. 785, 276 S. W. 840, it is said:

> "When there is a controversy and a settlement is made by which the debtor pays something he does not admit he owes, the agreement to accept the sum paid in full of the whole account is based upon a valid consideration. But where the debtor only pays what it is admitted he owes, there is no consideration for the agreement to release the balance of the claim."

In the recent case of People's State Bank v. Mc-Dermott, 251 Ky. 140, 64 S. W. (2d) 484, 485, it appears that a compromise settlement was asserted as a defense in an action on a note whereby less than the amount due was paid, and in holding this defense to be without merit, it was, in the course of the opinion, said:

> "But on the other hand * * * the alleged agreement was tantamount to agreeing to accept in full discharge of the note sued on a sum less than the amount due, and which all courts hold does not extinguish the balance of the indebtedness, howsoever solemnly it might be agreed to by the creditor. That rule is also bottomed upon the principle that there is no consideration for such an agreement."

See, also, Fenwick v. Phillips, 60 Ky. (3 Metc.) 87, 88; Cox v. Adelsdorf, 51 S. W. 616, 21 Ky. Law Rep. 421; and for an extensive citation and discussion of cases bearing on the different phases of the law of compromise and settlement, see Forsythe v. Rexroat, 234 Ky. 173, 27 S. W. (2d) 695.

From any point of view, the alleged agreement of compromise and settlement of appellant's claim amounted to nothing more nor less than the agreement upon the part of one party to pay, and the other to accept, less than the amount due.

Counsel for appellee rely on a line of cases holding in effect that a compromise is supported by sufficient consideration if there is something of detriment to one party or benefit to the other, however slight it may be. Typical of such cases is Dexter v. Duncan, 205 Ky. 344, 265 S. W. 832. Counsel for appellee further maintain in substance and effect that there was a doubt in the minds of the parties concerning the amount that might be realized from a sale of the mortgaged premises, and also concerning the right to have a receiver appointed and to subject crops grown on the farm. There was, however, as already indicated, and in fact admitted, no dispute concerning the amount legally due. The only doubt concerned the value or the sufficiency of the security or the amount that might be realized therefrom through foreclosure proceedings. Such doubt might exist concerning a note with personal security, or there might be doubt concerning the amount that might be realized on an unsecured note; yet no case has

been pointed out, and we find none indicating that such doubt will bring a case within an exception to the general rule that payment of an amount less than the whole debt will operate to discharge the balance due. It may be true, as said in 5 R. C. L., that the rule concerning the payment of less than the whole debt as above set out rests upon reasons more technical than satisfactory; yet it is a long-established and unvarying rule supported by a very great weight, if not unanimity, of authority in this and other jurisdictions; and to uphold the defense attempted to be asserted in appellee's amended answers would be a radical departure.

Wherefore the judgment is reversed, with directions to enter jujdgment in conformity with this opinion.

Whole court sitting, except Justice Rees.