## Nuckols v. Nuckols.

March 16, 1943.

W. A. Middleton and Holland G. Bryan for appellant.

R. L. Myre for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an appeal from a judgment dismissing Frankie Nuckols' petition as amended after a demurrer had been sustained thereto, and she had declined to plead further.

The petition as amended charged in substance: The plaintiff and Lee Nuckols, now deceased, were man and wife; Lee left three insurance policies, totaling $1812, with his brother, Stanley Nuckols, named as beneficiary; Lee was ill and unable to provide for himself and his wife for some time before he died; he requested Frankie to loan him money for living expenses, house rent and insurance premiums, with the express understanding "that the plaintiff should have a lien on the policies for the amounts so expended"; the policies were delivered to her by Lee long before his death to secure the payment of the sums advanced, and the arrangement was "understood and agreed to between her and the said Lee Nuckols and the defendant, Stanley Nuckols"; that she advanced $723 to Lee under the agreement; Stanley made no payments on the policy premiums, and he agreed that the plaintiff should have a lien on the proceeds of the policies for the money advanced "instead of chang-

ing the beneficiary to read as himself and this plaintiff''; when Lee died there had been no change made in the beneficiary; she continued to hold the policies as security for the indebtedness; she was prepared to institute legal proceedings ''to set up her claim against said policies and against the said Stanley Nuckols''; she and Stanley promised and agreed that if she would not file action against him and the policies he would pay to her out of the proceeds of the policies one-half of the amount remaining after paying Lee's funeral expenses; she agreed to accept that arrangement and settlement in satisfaction of her claim, and thereupon surrendered the policies to Stanley; he collected the proceeds from them and paid $284.45 for Lee's funeral expenses, thereby leaving in his possession $1527.55; under the agreement she was entitled to $763.77; and Stanley paid her $200 on her claim and then refused to pay her the balance of $563.77.

The question is, Did the petition, as amended, state a cause of action? We think it did. Compromise agreements are favored by law, and, as said in Dexter v. Duncan, 205 Ky. 344, 265 S. W. (2d) 382, the law looks with favor upon agreements between two or more persons, who, to avoid a lawsuit, amicably settle their differences on such terms as to them seem fair and reasonable. Such agreements must be supported by a consideration, but courts will not inquire into the adequacy of the consideration if there is something of detriment to one party or benefit to the other, even though slight. It is well settled in this jurisdiction that an agreement of compromise is supported by sufficient consideration where it is in settlement of a claim which is unliquidated, or in the settlement of a claim in dispute, or one which is in doubt. See, also, Provident Life & Accident Ins. Co. v. Ramsey, 256 Ky. 126, 75 S. W. (2d) 781; Forsythe v. Rexroat, 234 Ky. 173, 27 S. W. (2d) 695. True it is, as pointed out in the Forsythe case, that, before a forbearance to sue will be looked upon as a sufficient consideration to support a compromise, the threatened suit must not be wholly groundless or unsustainable at law or in equity. The appellee relies upon the Forsythe case as a bar in insisting that the appellant has failed to state a cause of action, but we do not so interpret the rules laid down in that case wherein an agreement under which a father had agreed to pay the medical expenses of one

who was injured when struck by his son's bicycle was enforced.

In the case at bar there was the charge that Lee Nuckols had agreed to reimburse his wife for sums advanced for house rent, living expenses and insurance premiums; that it was understood between those parties and Stanley Nuckols, the beneficiary named in the policies, that the wife was to have a lien on the proceeds of the policies to secure the payment of the sums advanced; that the policies were delivered to her with Stanley's knowledge and consent; that she did advance the sums; and that after Lee's death, when a dispute arose between her and Stanley as to the settlement of the claim, it was settled under an agreement whereby the policies were to be delivered to Stanley and he was to collect the proceeds therefrom and divide the amount remaining after the payment of Lee's funeral expenses. All of this is admitted upon demurrer, as well as the charge that the policies were turned over to Stanley, that he did collect the proceeds, pay his brother's funeral expenses, and pay $200 to Frankie on the settlement agreement. Under the circumstances, we think the petition stated a cause of action. What the facts may be upon the trial of the cause is another matter. The petition shows that there was a good faith dispute between Frankie and Stanley, which they agreed to settle in the manner hereinbefore mentioned, and that not only did Frankie fulfill her part of the agreement, but Stanley also fulfilled his, in part.

The judgment should be and it is reversed, with directions to set it aside, and to overrule the demurrer to the petition as amended.