GUS LIANOS *vs.* ADRIAN ANDREUCCI.

JULY 23, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker.

BAKER, J. This is an action of trespass and ejectment. It was tried in the superior court to a jury which returned a verdict for the plaintiff. Thereafter the defendant's motion for a new trial was denied and he duly prosecuted his bill of exceptions to this court.

The evidence shows that on May 29, 1945 the plaintiff purchased a parcel of land with a building thereon situated on Broadway in the city of Newport. The defendant at that time was, and since 1935 had been, the tenant of a store on the ground floor of said building. He never had a written lease thereof. Early in June, 1945 the defendant sent to the plaintiff a check which was marked "For rent paid to July 1st 1945". This check the plaintiff accepted. However, on July 10, 1945 he caused to be sent to the defendant a written notice directing the latter to vacate the store at the end of the occupation month. The defendant did not comply with this notice and the plaintiff, on August 6, 1945, issued the writ in the present case.

The plaintiff's title is not disputed. Neither is the fact that the notice to vacate is good and sufficient if the defendant is a tenant from month to month, which is the plaintiff's contention. The defendant, however, maintains that he is a tenant from year to year, and entitled to a longer notice before he is required to vacate the premises. Thus the only real issue in the case is the nature of the defendant's tenancy. On conflicting inferences to be drawn from the evidence the jury determined that issue in the plaintiff's favor and this has been approved by the trial justice.

The defendant's bill of exceptions contains twenty-one exceptions all of which are being pressed except exceptions 15 and 16, to the refusal of the trial justice to grant defendant's third and fourth requests to charge, which exceptions he expressly waives. The first twelve exceptions relate to rulings made during the trial on evidentiary matters. The remaining exceptions are to the refusal of the trial justice to grant a number of requests to charge the jury presented by the defendant.

In our opinion the first twelve exceptions, which are chiefly to the exclusion of testimony offered on behalf of the defendant, may be grouped for the purpose of disposition. For example, exceptions 7 and 11 are not good because the questions were answered before any objection was made. In the case of exception 7 the plaintiff moved to strike out the answer, but apparently the trial justice made no ruling on that motion and the defendant suffered no prejudice since the answer stood. In the case of exception 11 no motion to strike out was made and the answer was allowed to remain in the record.

Exceptions 1 and 6 may be considered together. In cross-examining the plaintiff the defendant's attorney sought to show that on June 7, 1945 the plaintiff notified the defendant by letter that the rent for the premises would thereafter be $200 per month. The trial justice sustained the plaintiff's objection to this question and that ruling is the basis for the defendant's first exception. Without discussing the ma-

teriality of the inquiry to the issues in the instant case the ruling, in any event, was not prejudicial to the defendant. When the letter was later introduced as an exhibit, the defendant desired to read it into the record, but he was not allowed to do so by the trial justice. In our opinion this ruling, which is the basis of the defendant's sixth exception, was erroneous. It is clear, however, that the defendant was not prejudiced thereby because the letter was introduced and marked as an exhibit, the jury had full opportunity to examine it when they withdrew to decide the case, and the trial justice in his charge expressly instructed them to study the exhibits in the case.

Exceptions 2, 3, 4, 5, 8 and 9 all relate to the exclusion of testimony sought to be introduced by the defendant. Upon consideration of the subject matter of the questions to which the plaintiff's objection was sustained by the trial justice we are of the opinion that they were properly excluded. They apparently dealt with matters which in themselves were in no way material or relevant to the issues in this case. In any event the defendant made no offer of proof in any of these instances.

Exception 10 was to the exclusion of a question as to whether or not the defendant ever received from the plaintiff or his attorney a three months' notice to vacate. The plaintiff was not claiming that any such notice had been given. Under the circumstances the question was properly excluded by the trial justice. Exception 12 was to the exclusion of a question as to whether or not the previous owner of the property had given the defendant a notice to vacate. Clearly this fact was irrelevant. Upon consideration, therefore, we find that the defendant's exceptions 1 to 12, inclusive, are without merit.

It is not necessary in our opinion to quote the defendant's requests to charge. Upon examination it appears to us that requests numbered 1 and 9 were substantially granted by the trial justice and charges were given accordingly, although not in the identical language of such requests. It is well settled, however, that a trial justice is not required to

use the exact language of a request if its gist is covered in substance. *Boettger* v. *Mauran,* 64 R. I. 340. The defendant, therefore, takes nothing by his exceptions 13 and 21, which were to the refusal to grant the above requests as presented.

We find nothing in the case which would justify the granting of the defendant's second request to charge which is the basis of the defendant's fourteenth exception. The charge requested is vague and lacks definite application to the evidence in its reference to the fact that a tenancy from year to year more frequently arises from a letting with no duration. In our opinion the giving of the charge requested might well have tended to confuse the jury. Upon examination we further find that the defendant's fifth request to charge does not contain a full and correct statement of the law on the points sought to be covered. See *Rimnik Corp.* v. *Wallace,* 61 R. I. 282. We also find no evidence in the case which would require the granting of the defendant's sixth request to charge. The defendant's seveneeenth and eighteenth exceptions are therefore invalid.

Defendant's seventh request to charge, which is covered by his nineteenth exception, is apparently based on general laws 1938, chapter 453, §6. The request is faulty, however, in that it refers to only part of the section, whereas the pertinent law required the whole of the section to be set out. The defendant's eighth request, on which is based his twentieth exception, refers to the matter of an alleged unreasonable delay on the part of the plaintiff in bringing ejectment proceedings against the defendant. No issue of such delay was raised in the case. We find, therefore, that the trial justice committed no prejudicial error in refusing to charge the jury as requested by the defendant.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Leo L. Tobak* (deceased), *Cornelius C. Moore, Gabriel D. Russo,* for plaintiff.

*Jeremiah P. Mahoney, Matthew J. Faerber, William Williams,* for defendant.