**Cordelia POWELL, Appellant.**

v.

**C. HAZEN'S STORE, INC., Appellee.**

Court of Appeals of Kentucky.

March 20, 1959.

G. E. Reams, Harlan, for appellant.

G. Wix Unthank, Harlan, for appellee.

MOREMEN, Judge.

Appellant, Cordelia Powell, fell in a store owned by appellee, C. Hazen's Store, Inc., in Cumberland, Kentucky. By this action she sought to recover damages for injuries sustained. At the trial, a jury returned a verdict for appellee and from a judgment entered on that verdict, this appeal is prosecuted.

On August 4, 1956, appellant entered the store with the purpose of purchasing some merchandise. Appellant testified that she slipped, skidded and fell when she attempted to go around the corner of a counter near the store's entrance. Two bones of her left arm were fractured immediately above the wrist and other injuries were received by her.

Appellee's version was that the floor was not slick or oily and that appellant toppled over after she had assumed a stooped position.

Appellant urges as grounds for reversal: (1) Instruction No. 1 was erroneous; (2) it was error to submit a contributory negligence instruction when such a defense . had not been pleaded; and (3) incompetent evidence was admitted.

The objection to instruction No. 1 is based on the ground that it limits her right to recover only if the slick condition of the floor was caused by oil. Appellant had averred in the complaint that appellee "negligently caused or permitted oil or other slippery substance to be on the floor,"

but all the evidence introduced by her was directed toward proving that she slipped on a surface made slick by oil—floor oil.

 The scope of an instruction is not to be determined by the pleadings alone. The most important item to be considered is the evidence which supports or tends to support the issues. Regardless of issues which are formed by the pleadings, it is not proper to give an instruction predicated on any issue unless there is a supporting base for it in the evidence. Stanley's Instructions to Juries, Vol. I, Sec. 19. Instruction No. 1 fairly submits the only issue supported by evidence.

We find appellant's second ground of suggested error also unfounded, because the plea of contributory negligence was sufficient. Appellee filed a pleading which was captioned "Motion to Amend Answer." The body of the pleading contained a plea of contributory negligence expressed in traditional language. On the same day, the court entered an order permitting the filing of a supplemental answer.

While our rules do not give specific relief in a situation like this one as they do in some cases (See CR 8.03 and 10.01), nevertheless, it appears to be in the spirit of the rules that trivial defects should be ignored. CR 1. In Crawley v. Mackey, 283 Ky. 717, 143 S.W.2d 171, it is said that the name given to a pleading is not controlling, as its character is always to be determined by the averments in the pleading. See: Shelton v. Hensley, 221 Ky. 808, 299 S.W. 979. We fail to see how appellant was prejudiced by the addition of surplus words to the caption.

The rule applicable in such cases was succinctly stated in Rubenstein v. United States, 10 Cir., 227 F.2d 638, 642, wherein it was said:

"There is no controlling magic in the title, name, or description which a party litigant gives to his pleading.

The substance rather than the name or denomination given to a pleading is the yardstick for determining its character and sufficiency."

Finally, it is contended that the trial court erred in permitting certain witnesses "to testify that they examined an area of the floor in appellee's store when their evidence did not show the area which they examined was the place where Mrs. Powell fell." Such evidence is not of much value, but its low quality does not render it incompetent. Appellee introduced other witnesses who definitely proved the condition of the floor at the spot where appellant fell.

We believe appellant received a fair trial.

Judgment affirmed.