**WEST VIRGINIA TRACTOR AND EQUIP-
MENT COMPANY, Appellant,**

v.

**Willard CAIN, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

J. K. Wells, Paintsville, for appellant.

Eldred E. Adams, Gene A. Wilson, Louisa, for appellee.

CATINNA, Commissioner.

West Virginia Tractor and Equipment Company sued Willard Cain to recover $3,779.73 as the balance due under a written lease for rental, maintenance, and repairs on leased Skidder equipment. Cain defended on the ground that the lease had been compromised by an agreement between West Virginia's representative and himself, the terms being that West Virginia would accept and keep the equipment in lieu of the debt owed them by Cain. From a judgment in Cain's favor, West Virginia appeals.

Cain leased the Skidder for his logging business from West Virginia on August 4, 1967. The monthly rental was fixed at $582. Cain had paid $8,730 under the lease before the equipment was returned to West Virginia for repairs after it had been damaged in an on-the-job collision.

West Virginia exercised its right of repossession under the lease because rental payments were delinquent. West Virginia contends there was no compromise agreement, but even if there was, no consideration was given to make it enforceable. This was the basis of its objection to an instruction given the jury. The instruction reads as follows:

"The Court instructs the jury, that if you find and believe from the evidence that at the time the Franklin Skidder was returned back to the plaintiff, that there was an agreement understanding by the parties herein, that any indebtedness owed by Willard Cain to the plaintiff was to be cancelled, you will find

for the defendant, Willard Cain, in that event."

The only evidence of the compromise agreement is Cain's testimony. Cain admits that he signed the lease. The lease, in denying Cain an option to purchase the equipment, specifically states that there is not presently granted, nor will there be in the future, an option to purchase the equipment.

There is no evidence in the record indicating that the instrument in issue was other than a lease. Cain's defense of accord and satisfaction was without merit. Mario's Pizzeria, Inc. v. Federal Sign & Signal Corp., Ky., 379 S.W.2d 736; England v. Spalding, Ky., 460 S.W.2d 4. The lease retained in West Virginia the right to repossess upon default in payment of rental installments. Cain admits he was in default of his obligations at the time of the compromise settlement with West Virginia and at the time the machine was repossessed. Neither Cain nor West Virginia surrendered any contract rights under the lease; therefore, the claimed compromise agreement was without consideration. Kentucky Joint Stock Land Bank of Lexington v. Yates, 261 Ky. 441, 87 S.W.2d 931.

The general rule is that an instruction must not be submitted on an issue that is entirely unsupported by evidence or reasonable inferences therefrom. Powell v. C. Hazen's Store, Inc., Ky., 322 S.W.2d 483; Chesapeake & O. Ry. Co. v. Caudill, 270 Ky. 107, 109 S.W.2d 20; Major Taylor & Company v. Harding, 182 Ky. 236, 206 S. W. 285.

The evidence does not sustain the validity of a compromise agreement, and, therefore, the giving of an instruction on that point was error.

The judgment is reversed for further proceedings in accordance with this opinion.

All concur.